# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AMBER HOTEL CORPORATION,<br>　　　　　Reorganized Debtor,<br>──────────────────────────<br>JAMES J. LITTLE,<br>　　　　　Appellant,<br>　　　　　v.<br>AMBER HOTEL CORPORATION,<br>　　　　　Appellee.<br>────────────────────────── | Case No. CV 14-9254 FMO<br><br>**ORDER RE: BANKRUPTCY APPEAL** |

Having reviewed and considered all the briefing filed with respect to the Joint Opening Brief regarding James J. Little's ("Little" or "appellant") appeal of the bankruptcy court's order of October 20, 2014 ("Appeal," Dkt. No. 16), the court concludes that oral argument is not necessary to resolve the Appeal. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## INTRODUCTION AND STATEMENT OF FACTS

On March 17, 2013, Amber Hotel Corporation ("Amber" or "appellee") filed for Chapter 11 bankruptcy. (See Findings of Fact and Conclusions of Law in Support of Order Granting Reorganized Debtor's Motion to Dismiss Complaint ("Findings," ER323-29) at ¶ 1). On October 28, 2013, Amber filed its amended plan of reorganization. (See id. at ¶ 2). That plan was confirmed pursuant to an order of the bankruptcy court entered on December 26, 2013. (See id. at ¶ 3). Little did not seek a stay of that confirmation. (See id. at ¶ 5).

On June 24, 2014, Little filed a complaint seeking to revoke the confirmation on the ground that it was procured by fraud pursuant to 11 U.S.C. §1144 ("Adversary Complaint," ER001-15). On September 17, 2014, Amber moved to dismiss the Adversary Complaint on two grounds relevant here: (1) the Adversary Complaint is time barred; and (2) the Adversary Complaint is equitably moot. (See Appeal at 1; Findings at ¶ 11).

On October 20, 2014, the bankruptcy court entered its Findings, which concluded that the Adversary Complaint is time barred, (see Findings at ¶¶ 17-23), and is also equitably moot. (See id. at ¶¶ 24-27). In conjunction with its Findings, the bankruptcy court entered its Order Granting Reorganized Debtor's Motion to Dismiss Complaint ("Bankruptcy Court's Order of October 20, 2014," ER 321-322). Little timely filed an appeal from that order. ([Little's] Notice of Appeal of Final Judgment of Dismissal of Complaint, ER339-44).

## STANDARD OF REVIEW

When reviewing a bankruptcy court's decision, a "district court functions as an appellate court . . . and applies the same standards of review as a federal court of appeals[.]" In re Crystal Props., Ltd., 268 F.3d 743, 755 (9th Cir. 2001) (internal quotation marks omitted). "A district court reviews a bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code de novo." In re Orange Cnty. Nursery, Inc., 439 B.R. 144, 148 (C.D. Cal. 2010). Factual findings are reviewed for clear error, and the court "must accept the bankruptcy court's findings of fact unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." In re Greene, 583 F.3d 614, 618 (9th Cir. 2009).

The district court may affirm a bankruptcy court's order "on any ground supported by the record, even if it differs from the ground relied upon by the bankruptcy court." Thrifty Oil Co. v. Bank of Am. Nat. Trust and Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2002). However, "[a]n appeal is moot if it is impossible to fashion effective relief[.]" In re Gotcha Int'l L.P., 311 B.R. 250, 253 (B.A.P. 9th Cir. 2004).

## DISCUSSION

I. TIMELINESS OF LITTLE'S COMPLAINT.

"[A]t any time before 180 days after the date of the entry of the order of confirmation," a

2

creditor may file an adversary complaint to revoke a chapter 11 plan confirmation "procured by fraud." 11 U.S.C. § 1144. Whether Little timely filed his Adversary Complaint turns on interpretation of the word "before." (See id.).

Questions of statutory construction are reviewed de novo. See San Luis & Delta-Mendota Water Auth. v. United States, 672 F.3d 676, 699 (9th Cir. 2012). "[I]n any case of statutory construction, [the court's] analysis begins with 'the language of the statute[]' . . . . And where the statutory language provides a clear answer, it ends there as well." Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438, 119 S.Ct. 755, 760 (1999) (citation omitted). Or as the Supreme Court has admonished, "[w]e have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, th[e] first canon is also the last: 'judicial inquiry is complete.'" Barnhart v. Sigmon Coal Co., 534 U.S. 438, 461-62, 122 S.Ct. 941, 956 (2002) (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 1149 (1992)). Where the "statute's language is plain, the sole function of the court is to enforce it according to its terms." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 1030 (1989) (internal quotation marks omitted). "In the absence of an indication to the contrary, words in a statute are assumed to bear their ordinary, contemporary, common meaning." Walters v. Metro. Educ. Enters., Inc., 519 U.S. 202, 207, 117 S.Ct. 660, 664 (1997) (internal quotation marks omitted).

The language of 11 U.S. § 1144 is clear. As the bankruptcy court found, "Congress specifically used the word 'before,' which the Webster Dictionary defines as, 'preceding in time, or earlier than.'" (Findings, ER 326, at ¶ 20). As such, Little's Adversary Complaint was due "before 180 days," "preceding 180 days," or "earlier than 180 days" – in other words, 179 days, or June 23, 2014. The Adversary Complaint was filed on June 24, 2014, "180 days after the date of the order of confirmation," and not "before 180 days." (See Adversary Complaint). Based upon the clear language of the statute, the Adversary Complaint was untimely.

"Given the clarity of the statutory text, [Little's] burden of persuading [the court] that Congress intended to create a [different meaning] is exceptionally heavy." Union Bank v. Wolas,

3

502 U.S. 151, 155-56, 112 S.Ct. 527, 530 (1991). Little raises two arguments in his effort to establish that his Adversary Complaint was timely filed. First, he contends that "federal courts read § 1144 as providing a '180-day period,' not a '179-day period[.]'" (Appeal at 13; see id. at 13 n. 2 (citing cases)). But Little also acknowledges that "[n]o court of which Mr. Little is aware has dismissed a complaint as untimely under § 1144 for being filed on the 180th day following confirmation of the plan." (See id. at 15). The court is not inclined to interpret "before 180 days" to mean a "180-day period" on the basis of case law that makes only casual reference to "180 days" in § 1144, particularly when none of that case law considers whether filing an adversary complaint on the 180th day, rather than the 179th day, is untimely.

Second, Little acknowledges that under parallel statutes, a court may revoke Chapter 12 and Chapter 13 confirmation plans "procured by fraud," "'within 180 days after the date of the entry of an order of confirmation[.]'" (See Appeal at 17) (emphasis added); compare 11 U.S.C. §§ 1230, 1330 ("within" 180 days for Chapter 12 and 13 creditors) with 11 U.S.C. § 1144 ("before" 180 days for Chapter 11 creditors like Little). Little contends that "federal courts have discerned no congressional intent to treat defrauded creditors of Chapter 11 debtors differently than creditors under Chapter 12 and 13." (Appeal at 17.) But federal courts do not need to discern what Congress intended when it is apparent in the statute: if a creditor believes that a plan was procured by fraud, Chapter 11 creditors must file their complaints "before 180 days" and Chapter 12 and 13 creditors must file their complaints "within 180 days." Parties may not "amend the statute by appeal to the Judicial Branch" "in order to satisfy . . . policy preferences" "that should be fought among the political branches and the industry." Barnhart, 534 U.S. at 462, 122 S.Ct. at 956. A court "cannot choose to ignore the language of the statute" because the "decision to rearrange or rewrite the statute falls within the legislative, not the judicial, prerogative." Xi v. United States Immigration and Naturalization Serv., 298 F.3d 832, 839 (9th Cir. 2002).

In short, the bankruptcy court did not err finding that Little's Adversary Complaint was untimely. Little has failed to meet his "exceptionally heavy" burden of demonstrating that "before" means "within" given the plain language of 11 U.S.C. § 1144. See Union Bank, 502 U.S. at 155-56, 112 S.Ct. at 530 ("Given the clarity of the statutory text, [a party's] burden of persuading [the

court] that Congress intended to create a [different meaning] is exceptionally heavy." ).

II.     EQUITABLE MOOTNESS.

Little also asserts that the bankruptcy court erred when it found that the Adversary Complaint was equitably moot. (See Appeal at 25-33). Little's assertions are unpersuasive. Thus, even assuming Little's Adversary Complaint had been timely filed, the result would not change.

"There are two mootness doctrines to consider – one deriving from Article III of the Constitution, and one from equity." In re Thorpe Insulation Co., 677 F.3d 869, 880 (9th Cir. 2012). Under Article III mootness, the test is "whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot." Thorpe, 677 F.3d at 880 (internal quotation marks omitted); see In re Focus Media, Inc., 378 F.3d 916, 922-23 (9th Cir. 2004) ("Bankruptcy appeals may become moot in one of two (somewhat overlapping) ways. First, events may occur that make it impossible for the appellate court to fashion effective relief. . . . Second, an appeal may become equitably moot[.]").

Equitable mootness is a prudential doctrine by which a court elects not to reach the merits of a bankruptcy appeal. See Rev Op Grp. v. ML Manager LLC, 771 F.3d 1211, 1215 n. 2 (9th Cir. 2014). "An appeal is equitably moot if the case presents transactions that are so complex or difficult to unwind that debtors, creditors, and third parties are entitled to rely on the final bankruptcy court order." Id. at 1215 (alteration omitted). "Unlike Article III mootness, which causes federal courts to lack jurisdiction and so to have an inability to provide relief, equitable mootness is a judge-created doctrine that reflects an unwillingness to provide relief." In re Transwest Resort Prop., Inc., 791 F.3d 1140, 1145 (9th Cir. 2015).

Under equitable mootness, the Ninth Circuit has instructed courts to:

> look first at whether a stay was sought, for absent that a party has not fully pursued its rights. If a stay was sought and not gained, we then will look to whether substantial consummation of the plan has occurred. Next, we will look to the effect a remedy may have on third parties not before the court.

5

> Finally, we will look at whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court.

Thorpe, 677 F.3d at 881.

Little maintains that the district court should only consider Article III mootness because equitable mootness is inapplicable to claims under 11 U.S.C. § 1144. (See Appeal at 26 n. 5). In particular, Little argues that "[f]ailure to obtain a stay is not relevant to § 1144, since the statute presumes that there is a confirmed plan. There is thus nothing to stay." (Id.) (emphasis omitted).

As an initial matter, Little's claim that there is "nothing to stay[,]" (Appeal at 26 n. 5), does not make sense. As Amber notes, since filing its motion to dismiss the Adversary Complaint, it made its fourth and fifth quarterly payments required by the plan. (See id. at 44 n. 8). Obtaining a stay could have, at a minimum, stopped these payments. Moreover, and as the bankruptcy court found, numerous courts have applied equitable mootness in 11 U.S.C. § 1144 cases. (See Findings at ¶ 24 ) (citing In re Delta Air Lines, Inc., 386 B.R. 518, 537 n. 15 (Bankr. S.D.N.Y. 2008) (which in turn cites Chang v. Servico, Inc. (In re Servico, Inc.), 161 B.R. 297, 300-01 (S.D. Fla. 1993)); Almeroth v. Innovative Clinical Solutions, Ltd. (In re Innovative Clinical Solutions, Ltd.), 302 B.R. 136, 141 (Bankr.D.Del. 2003) (applying equitable mootness to dismiss a case brought under Section 1144); S.N. Phelps & Co. v. Circle K Corp. (In re Circle K Corp.), 171 B.R. 666, 669-70 (Bankr.D.Ariz. 1994) (dismissing Section 1144 complaint on grounds of mootness)).

Even though Little relies on In re Focus Media to encourage this court to ignore equitable mootness grounds, (see Appeal at 26 n. 5), the court in In re Focus Media did consider equitable mootness and found that "Focus did seek stays of the order for relief in the bankruptcy court and before the district court." 378 F.3d at 924. In contrast, Little did not seek a stay of the Chapter 11 confirmation plan, (see generally, Appeal), and that is fatal to his contention that the Adversary Complaint is not equitably moot. Under the Thorpe test, the failure to seek a stay can be enough in itself to render an appeal equitably moot. See 677 F.3d at 881 ("A failure to seek a stay can render an appeal equitably moot.") (citing In re Roberts Farms, Inc., 652 F.2d 793, 797-98 (9th

Cir. 1981)). Interpreting Roberts, the Thorpe court recognized that mootness may exist "where [the] party challenging [the] plan fails to use due diligence to seek a stay[.]" Id.

In In re Cmty. Bancorp, 2013 WL 4441925 (B.A.P. 9th Cir. 2013), the court construed the Thorpe test to "impl[y] that if a party fails to seek a stay of the challenged order or judgment on appeal, then the court does not even get to step two. In other words, failure to seek a stay may alone be enough to render these appeals equitably moot." Id. at *13; see Stokes v. Gardner, 483 F.App'x 345, 346 (9th Cir. 2012) ("A party's failure to seek a stay may, by itself, render that party's claims equitably moot."); Roberts, 652 F.2d at 798 ("If an appellant fails to obtain a stay after exhausting all appropriate remedies, that well may be the end of his appeal."); In re S. Coast Oil Corp., 566 F.App'x 592, 593 (9th Cir. 2014) (noting that where appellant failed to seek a stay, "this fact weights heavily, if not conclusively, in support of the conclusion that the present appeal is equitably moot") (citing Thorpe, 677 F.3d at 881); Abrahams v. Hentz, 2013 WL 3147732, *4 (S.D. Cal. 2013) ("[W]here appellant makes no effort to obtain a stay of bankruptcy proceedings while his appeals are pending, his appeals are likely equitably moot.").

Finally, considering the other factors under equitable mootness, including substantial consummation, effect on innocent third parties, and the bankruptcy court's ability to fashion effective relief, the court has previously considered these factors and has held that they weigh in favor of Amber and against Little.  See In re Amber Hotel Corp., Case No. CV 14-0951 (FMO) (Court's Order of July 31, 2014, ER0123-135, at 9-13).  With the passage of time, where Amber has made further payments required by the plan, (see Appeal at 44), these factors weigh even more heavily in Amber's favor and against Little.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT the appeal of the Bankruptcy Court's Order of October 20, 2014 is **dismissed with prejudice.**  Judgment shall be entered accordingly. Dated this 31st day of August, 2015.

/s/
Fernando M. Olguin
United States District Judge
